

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROUNDTABLE CORPORATION, | § | Case No. 12-40512 |
| | § | (Chapter 7) |
| Debtor. | § | |
| _____ | § | |
| | § | |
| INCOMMONS BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 13-04020 |
| | § | |
| ROUNDTABLE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on cross-motions for summary judgment filed by: (i) the debtor in the above-captioned bankruptcy case, Roundtable Corporation ("debtor"), on August 19, 2013, [Docket No. 13]; and (ii) the plaintiff in the above-captioned adversary proceeding, Incommons Bank, N.A. ("Bank"), on September 23, 2013, [Docket No. 19]. Because a genuine issue of material facts exists with respect to who owns the collateral at issue, among other things, the Court denies both motions. The cross-motions establish the following undisputed facts:

On July 20, 2011, DQ Real Estate Development Ltd ("DQ Real Estate") executed and delivered to the Bank a promissory note ("Note") in the principal amount of $175,000.00, promising to pay the Bank the principal sum, plus interest. On the same day, the Bank and DQ Real Estate entered into a security agreement ("Security Agreement") granting the Bank a security interest in all of DQ Real Estate's property ("the collateral"), including "anything

acquired upon the sale, lease, license, exchange or other disposition of" the collateral. The parties entered into the transaction so DQ Real Estate could purchase equipment for a Dairy Queen store located at 1509 Corsicana Highway, Hillsboro, TX 76645. On August 1, 2011, the Bank filed a UCC-1 Financing Statement ("Financing Statement") covering the collateral. The Financing Statement identified the owner of the collateral as DQ Real Estate Development Ltd..

The debtor filed a petition for Chapter 11 bankruptcy on March 1, 2012 and claimed to own the collateral in its schedules.[1] On June 14, 2012, the Chapter 11 Trustee, Mark Weisbart, filed a motion to sell assets—including the collateral. The Court granted the motion and entered an order allowing for the sale of said assets. All of the collateral was sold, and no proceeds were distributed to the Bank. It is disputed as to whether the Bank received notice of the sale.

On January 23, 2013, the case was converted to Chapter 7. The Court subsequently appointed Michelle Chow as the Chapter 7 Trustee. Soon after, on February 25, 2013, the Bank filed this "Complaint to Determine Extent and Validity of Liens and for Declaratory Relief," which is the subject of this adversary proceeding, requesting the Court to determine that the Bank has a valid, perfected, and enforceable lien on the collateral. The Trustee filed an Answer and Counterclaim, asserting that the Bank's security interest was unperfected because it failed to name Roundtable as the owner of the collateral in its Financing Statement.

The debtor first moved for summary judgment, arguing that there is no genuine issue as to any material fact and the Trustee is entitled to avoid the Bank's lien because the lien either failed to attach, or the Bank did not properly perfect the lien. The Bank timely responded to the debtor's motion and filed its own motion for summary judgment. The Bank argues that because the Bank has a valid, perfected and enforceable lien on the collateral, it retains the sole right to

---

[1] The debtor's property tax records also indicate that RCDQ Hillsboro, Inc. is the owner of the collateral. Dairy Queen franchises owned by Roundtable are often referred to as "RCDQ [City Name]").

2

collect from the debtor proceeds from the sale of said collateral. The debtor filed a response to the Bank's cross-motion for summary judgment.[2]

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. BANKR. P. 7056(c); FED. R. CIV. P. 56(a). A genuine issue of material fact exists if "the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party." *Dreyer v. Yelverton*, 291 Fed.Appx. 571, 576 (5th Cir. 2008). The party seeking summary judgment bears the initial burden of production and is therefore required to submit to the court "pleadings, depositions, answers to interrogatories, and affidavits, if any," demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant successfully carries its burden, the non-movant must put forth evidence that a dispute of material facts exists to defeat the motion. *Id*.

Here, the parties' submitted evidence—including affidavits of interested parties, property tax statements, the debtor's bankruptcy schedules, the Security Agreement, the Note, and the Financial Statement—establishes that there is a genuine dispute of material facts as to who owns the collateral, among other things. The question of ownership is of special importance to this case, since the owner of the collateral is entitled to proceeds arising from the sale of the collateral. If the debtor is the true owner of the collateral, the Bank would not be entitled to any proceeds from the sale, and the trustee could avoid the Bank's lien to the extent the Court

---

[2] In his response to the Bank's summary judgment motion, the Trustee asserts that the Law of the Case Doctrine precludes this Court from ruling on the ownership of the collateral. The Trustee argues that this Court necessarily decided that the debtor owned the collateral when it granted his motion to sell the debtor's assets. The Law of the Case Doctrine advises a court to respect and follow rulings made earlier in the same case. It is a discretionary tool, rather than a mandatory rule. As the Trustee points out in his response, no one affirmatively or implicitly questioned the debtor's alleged ownership of the collateral in connection with the motion to sell the debtor's assets. Therefore, the Court declines to apply the doctrine at this time.

concludes that the lien failed to properly attach. On the other hand, if the debtor does not own the collateral, then the Bank is entitled to proceeds from the sale.

The Court concludes that neither party is entitled to summary judgment as a matter of law.

**IT IS THEREFORE ORDERED** that the cross-motions for summary judgment by the Plaintiff and Defendant are **DENIED.**

Signed on 11/15/2013

*Brenda T. Rhoades*   SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE